## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MARY DERRY,

|                | |                                    |
|----------------|-|------------------------------------|
| Plaintiff,     | | CIVIL ACTION NO. 3:21-CV-01744     |
| v.             | | (MEHALCHICK, M.J.)                 |
| ADAM R. BLACKMAN, | |                                 |
| Defendant.     | |                                    |

### MEMORANDUM

Before the Court are motions *in limine* filed by Plaintiff Mary Derry ("Derry") (Doc. 17; Doc. 19; Doc. 21; Doc. 23; Doc. 25) and by Defendant Adam R. Blackman ("Blackman") (Doc. 30). Responses have been filed and the motions are now before the Court.

### I. BACKGROUND AND PROCEDURAL HISTORY

As the Court writes primarily for the parties, the background and history are limited to the immediately relevant circumstances of the pending motions.

This case stems from a motor vehicle accident that occurred on December 9, 2019, involving Plaintiff Mary Derry and Defendant Adam R. Blackman. (Doc. 1). As a result of the subject accident, Derry commenced this action by filing a complaint against Blackman on October 13, 2021, asserting negligence claims and seeking an award of monetary damages for loss of past earnings, medical expenses, property damage, and pain and suffering. (Doc. 1). At the conclusion of discovery, Blackman has agreed to accept liability for causing the accident; however, the nature, extent, and causation of Derry's injury clams remain in dispute for purposes of trial. (Doc. 28, at 1).

The parties have each filed motions *in limine* in anticipation of trial. Plaintiff Derry seeks to preclude the following matters pursuant to Rule 403 of the Federal Rules of Evidence:

(1) evidence or testimony of Derry's prior driving history; (2) evidence or testimony of Derry's personal financial information; (3) evidence or testimony of Social Security Disability, Supplemental Nutrition Assistance Program, and/or Medicaid; (4) evidence or testimony of a prior mouse infestation of Derry's home, her lawsuit arising out of the mouse infestation, a mouse bite Derry received, and any medical issues Derry suffered from that mouse bite; and (5) evidence or testimony of Derry's medical history. (Doc. 17; Doc. 19, at 21; Doc. 23; Doc. 25). Defendant Blackman seeks to bar any photographs, pictures, or vehicle estimates of damages of the vehicles involved in the subject December 9, 2019, motor vehicle accident. (Doc. 30).

## II.    STANDARD OF REVIEW

The court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only

for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at \*2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence provide that relevant evidence is generally admissible.[1] FED. R. EVID. 402. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401(a)-(b). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. The balancing test under Rule 403 provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

> FED. R. EVID. 403.

---

[1] The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at \*3. The grounds for exclusion of evidence under Rule 403 are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission. *Ely*, 2016 WL 454817, at \*3.

In keeping with this framework, the Court turns to each of the motions *in limine* filed by the parties.

**III.    DISCUSSION**

A. <u>EVIDENCE AND TESTIMONY OF DERRY'S PRIOR DRIVING HISTORY.</u>

First, Derry argues that evidence or testimony regarding her prior driving history should be precluded as irrelevant and unduly prejudicial. (Doc. 17, at 1; Doc. 18, at 4). Specifically, Derry submits that evidence of her prior car crash should be precluded as irrelevant because it occurred 40 years before the subject accident, she only suffered minor injuries in the prior crash, and there is no evidence that the prior injuries are related to the injuries Derry suffered in the subject crash. (Doc. 18, at 4). Next, Derry contends evidence that her New Jersey license was previously revoked should be precluded as irrelevant because Derry has a driver's license at the time of the subject crash. (Doc. 18, at 4). Derry also asserts that any evidence that she was previously charged with driving under the influence ("DUI") or driving after imbibing ("DAI") should be precluded as irrelevant because there is no evidence that she was driving under the influence at the time of the subject crash. (Doc. 18, at 4). In addition, Derry argue that the evidence should also be precluded as prejudicial because "it would inflame the jury to make a decision based up something other than the legal propositions related to the case," and "will cause the jury to engage in speculation." (Doc. 18, at 5).

In response, Blackman states that he does not oppose the instant motion to the extent that it pertains to precluding references to her license suspension(s) or prior DUI/DAI. (Doc. 34, at 2). However, Blackman argues that evidence or testimony pertaining to prior crashes or prior accidents that resulted in injury may be, or could become, relevant at the time of trial

because Derry has put her medical condition at issue in the present litigation and her prior medical history, including injuries, treatment, and recovery, if any, could be an issue for the jury to consider if they feel that damages are warranted. (Doc. 34, at 2). Blackman further states that "[t]he prejudice here would be to [Blackman] if an inquiry into [Derry]'s past medial history was precluded in its entirety." (Doc. 34, at 2). Blackman requests that "[a]t the very least, the court should not preclude this information outright at this time and make the determination during the trial proceedings as it pertains to relevancy and admissibility." (Doc. 34, at 2).

As Blackman does not oppose the Court barring evidence or testimony referencing Derry's license suspension(s) or prior DUI/DAI, the Court will only address whether evidence or testimony pertaining to prior crashes or prior accidents should be allowed. (Doc. 34, at 2). District courts have broad discretion in determining what evidence is relevant, and in evaluating probative value versus unfair prejudice. *Cowgill v. Raymark Indus., Inc.,* 832 F.2d 798, 806 (3d Cir. 1987) (citing *United States v. Long,* 574 F.2d 761, 767 (3d Cir. 1978)). The injuries claimed by Derry in this case include disc herniations, cervical and thoracic strain, and shoulder and wrist sprain. (Doc. 29, at 2-3). The Court finds that if Derry had previously injured herself in similar ways as those in question in this case, or if there were some other link of the past injuries to the present claims, then the history might be relevant. Further, any possible prejudice may be cured on examination by the parties and through the use of the experts, and any possible prejudice does not outweigh the probative value of this evidence. *See Knecht v. Balanescu,* No. 4:16-CV-00549, 2017 WL 4883198, at *16 (M.D. Pa. Oct. 30, 2017) (denying plaintiff's motion in limine to preclude evidence of prior accidents).

Accordingly, Derry's motion *in limine* to preclude evidence of her prior driving history is **GRANTED in part** and **DENIED in part**, without prejudice to Derry reiterating his request at trial. (Doc. 17).

B. <u>EVIDENCE AND TESTIMONY OF DERRY'S FINANCIAL INFORMATION IS NOT ADMISSIBLE.</u>

Second, Derry moves to preclude her financial information as irrelevant and prejudicial. (Doc. 19, at 1; Doc. 20, at 3). Specifically, Derry seeks to bar evidence and testimony that Derry filed for bankruptcy, first in the early 1990s and again in 2012. (Doc. 20, at 3). Derry avers that evidence of her financial information would be unduly prejudicial because "[t]he only use of such evidence is to distract the jury into questions concerning [Derry]'s financial situation and to cause the jury to speculate that [Derry] brough[t] the lawsuit for financial gain." (Doc. 20, at 4).

In response, Blackman argues:

[Derry] does not cite to any authority specifically as it pertains to the inadmissibility in a civil proceeding as it pertains to [Derry] filing for bankruptcy or having financial issues in the past. [Derry]'s brief refers to case law referencing "committed wrongs" in the past as being precluded. Regardless, [Derry]'s history of filing for bankruptcy on at least (2) prior occasions may be relevant as it pertains to anything that [Derry] may testify to at the time of Trial.

[Derry]'s character is at issue, and the degree to which it is portrayed at Trial will likely dictate if her past financial issues are warranted for purposes of cross-examination. It is submitted that preclusion at this point in time is pre-mature and the relevancy and admissibility of this information is best suited for the time of Trial.

(Doc. 34, at 2-3).

At this time, the Court finds that Blackman has not established the relevance of Derry's previous filings for bankruptcy and financial hardships at this time. The Court notes that

Derry did not need to be in a fully secure and comfortable financial condition prior to the injury in order to claim financial strain as a result of the injury. Although the Court has not foreclosed reconsideration of this potential evidence during trial, should Derry "open the door" to this type of testimony, at this juncture, the Court finds that whether Derry filed bankruptcy is not relevant to the issue of negligence and the causation of any damages related to the subject accident, would cause unfair prejudice to Derry, and would most certainly confuse the issues and mislead the jury. Based on the record, the Court concludes that the probative value does not outweigh the potential for prejudice. *See Meyerl v. Carrington Mortg. Servs. LLC*, No. 16CV00027, 2017 WL 657777, at *1 (W.D. Pa. Feb. 13, 2017) (barring evidence of whether plaintiff was late or timely on bankruptcy payments).

Accordingly, Derry's motion *in limine* to preclude evidence of her financial information is **GRANTED**. (Doc. 19).

C. EVIDENCE AND TESTIMONY OF SOCIAL SECURITY DISABILITY, SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM, AND/OR MEDICAID IS NOT ADMISSIBLE.

Derry moves to preclude evidence and testimony that Derry applied for and/or receives Social Security disability benefits, Supplemental Nutrition Assistance Program ("SNAP") benefits, and/or Medicaid as irrelevant and prejudicial.[2] (Doc. 21, at 1). Derry argues that "[t]he only use of such evidence is to distract the jury into questions concerning

---

[2] At her deposition, Derry testified that she applied for Medicaid and is a Medicaid recipient, and receives SNAP benefits. (Doc. 21-1, Derry Depo Tr. 26:13-25, Apr. 11, 2022). Derry also testified that she was receiving Social Security Disability benefits prior to the subject crash after applying for benefits in 2017. (Doc. 21-1, Derry Depo Tr. 26:18-25, 32:8-11, Apr. 11, 2022).

[Derry]'s general state of health at the time of the subject collision," and "[Derry]'s financial

situation and whether she brought this lawsuit for financial gain." (Doc. 21, ¶¶ 20-21).

> In response, Blackman argues:

> The fact that [Derry] was collecting benefits from Social Security in the form of "disability benefits" is completely relevant to the issues presently before this court and jury. This is a personal injury action for which [Derry] is seeking damages for bodily injury complaints. As such, it is inherently instrumental for the jury to have an understanding as to what her physical condition and/or baseline was at the time of this accident.

> If [Derry] admits that all of her accident-related injuries have resolved at this point in time, this issue may be moot. However, this is not anticipated, and it is therefore expected that this will be an issue of contention at trial. [Derry]'s full and complete baseline medical history at the time of the accident must be brought to the jury's attention regardless. Otherwise, the jury could be misled to believe that [Derry] was completely healthy and had no medical conditions, ailments or diseases that affect her present and future life expectancies.

> Importantly, this is not an issue of collateral source preclusion. The instant motion seeks to preclude [Blackman] from asking [Derry] questions regarding whether or not she advised the government that she was disabled to the point that she warranted the receipt of benefits. This information is factual and not speculative in nature. None of this information could be considered unfairly prejudicial. [Blackman] must take [Derry] as he finds her. So should the jury.

> (Doc. 34, at 3).

The collateral source rule provides, essentially, that "the fact that an injured party has

received compensation from a source other than the wrongdoer is without relevancy in a suit

brought by the injured party against the wrongdoer to recover damages." *Bair v. Velasco*, No.

3:13-CV-2162, 2015 WL 1642434, at *3 (M.D. Pa. Apr. 9, 2015) (quoting *Moidel v. Peoples*

*Natural Gas Co.,* 154 A.2d 399, 403 (1959)). This rule is intended to prevent a tortfeasor from

benefitting from the fortuity that the victim of his negligence has a collateral source of funds.

*Bair*, 2015 WL 1642434, at *3 (quoting *Lobalzo v. Varoli,* 185 A.2d 557, 558-59 (1962)). The

collateral source rule is not unlimited, but rather "prohibits a defendant in a personal injury

action from introducing evidence of the plaintiff's receipt of benefits from a collateral source *for the same injuries which are alleged to have been caused by the defendant.*" *Bair*, 2015 WL 1642434, at *3 (quoting *Pusl v. Means,* 982 A.2d 550, 557 (Pa.Super.2009) (citing *Simmons v. Cobb,* 906 A.2d 582, 585 (Pa. Super. 2006)) (emphasis added). Here, the Court will preclude any evidence or testimony regarding the *amount* of compensation Derry receives or has received in Social Security disability benefits, SNAP benefits, and Medicaid. *See Maxfield v. Sinclair Int'l*, 766 F.2d 788, 793-94 (3d Cir. 1985) ("Under the collateral source rule payments under Social Security, welfare programs, unemployment compensation and similar programs have all been treated as collateral benefits which would not ordinarily be set off against damages awarded."); *Lyle v. Zahos*, No. 4:07-CV-0058, 2008 WL 11370228, at *3 (M.D. Pa. June 4, 2008). As to Derry's *status* as a recipient of Social Security disability benefits, SNAP benefits, and Medicaid, the Court will defer any ruling on the admissibility of these matters until the time of trial. Should the nature of her pre-accident injuries become at issue through testimony, the Court may consider allowing this testimony at that time. *See Schell v. Univ. of Pittsburgh Med. Ctr.-Horizon*, No. 2:07CV1119, 2010 WL 11693695, at *4 (W.D. Pa. Sept. 9, 2010) (finding plaintiff's status as a recipient of Social Security disability benefits not relevant, but declining to preclude such evidence until trial).

Accordingly, Derry's motion *in limine* to preclude evidence of Social Security Disability benefits, SNAP benefits, and Medicaid is **GRANTED in part** and **DENIED in part**. (Doc. 21).

D. EVIDENCE AND TESTIMONY REGARDING A MOUSE INFESTATION IN DERRY'S APARTMENT IS NOT ADMISSIBLE.

Derry moves to preclude evidence that she had a mouse infestation in her apartment and that she was bit by a mouse in her apartment, which caused her to suffer multiple medical problems, including bilateral pyelonephritis, and e-coli infection, a hydra heart attack, sepsis, and high blood pressure, which caused a vitreous bleed in her right eye, and file a lawsuit against her landlord arising out of that mouse bite. (Doc. 23, at 1; Doc. 24, at 3). Derry argues that any evidence or testimony related to the mouse infestation should be precluded as irrelevant and precluded because this lawsuit arises from the December 9, 2019, motor vehicle accident and the injuries Derry suffered, so evidence that she suffered a mouse infestation and was bitten by a mouse is not relevant to any fact of consequence to the litigation and has no bearing on the damages Derry suffered. (Doc. 24, at 4).

In response, Blackman argues:

This Motion seeks to preclude reference to the mouse infestation that [Derry] testified about at her deposition. Specifically, [Derry] testified that this mouse infestation led to her disease which subsequently led to another disease and or diagnosis which may have formed the basis of her disability. In this regard, it is premature for this court to preclude [Blackman] from asking [Derry] questions on cross examination about what led to her disability.

Ultimately, [Derry]'s credibility is an issue for the jury as it pertains to the nature and extent of her injury claims. Preclusion of the information set forth in this motion is premature. Again, it is respectfully requested that this motion be denied. [Derry]'s disability status is certainly relevant as it pertains to the ability to recover damages.

(Doc. 34, at 3-4).

At this time, the Court finds that Blackman has not established the relevance of the mouse infestation in Derry's apartment and the mouse bite she subsequently received. Although the Court will not foreclose reconsideration of this potential evidence during trial,

- 10 -

should Derry "open the door" to this type of testimony, at this juncture, the Court finds that the mouse infestation of Derry's apartment is not relevant to the issue of negligence and the causation of any damages related to the subject accident, would cause unfair prejudice to Derry, and would most certainly confuse the issues and mislead the jury. Based on the record, the Court concludes that the probative value does not outweigh the potential for prejudice.

Accordingly, Derry's motion *in limine* to preclude evidence of a mouse infestation, mouse bite, and resulting medical problems and lawsuit is **GRANTED**, without prejudice to this issue being reiterated at trial. (Doc. 23).

### E.   EVIDENCE AND TESTIMONY OF DERRY'S MEDICAL HISTORY IS ADMISSIBLE.

Finally, Derry moved to preclude evidence and testimony of her prior medical history, including her childhood injuries and medical conditions, as irrelevant and prejudicial. (Doc. 25, at 1; Doc. 26, at 3). Derry argues that "[t]he only use of such evidence is to distract the jury into questions concerning [Derry]'s general state of health at the time of the subject collision," and "will cause the jury to engage in speculation." (Doc. 26, at 5).

In response, Blackman argues:

With the exception of drug and alcohol abuse, (which may or may not become relevant based upon the testimony of [Derry] at Trial) the remainder of the medical diagnoses of [Derry] are relevant, or at the very least could be relevant in light of the personal injury claims asserted by [Derry].

While it is possible that some of the (13) medical issues referenced in this motion may not be relevant, it is unknown whether or not [Derry] and/or her expert mentions this information during their testimony. This information was reviewed and relied upon by the defense expert for purposes of completeness in rendering an opinion. Absent this ability, a defense to personal injury claims is severely prejudiced.

From a practical standpoint, if [Blackman] is precluded from asking questions about [Derry]'s prior medical history in full; then [Derry] must be precluded from presenting any type of argument that the defense expert was not provided

- 11 -

with a full complement of [Derry]'s medical history. Again, this motion appears to be premature in that the trial court should be given the discretion at the time of trial to be the gatekeeper of evidence admissibility. In further support of this proposition, the trial deposition of the experts have yet to be completed. It is submitted that upon conclusion of that testimony, the court will have a clearer picture of what the experts relied upon in formulating their opinions, as well as what type of questions they were presented with on cross examination, in consideration of their responses.

(Doc. 34, at 4).

At this time, the Court finds that Derry's motion to preclude evidence of her prior medical history is premature. Based on the current record, it is unclear whether the parties and their experts will mention on this information and the extent that Derry's prior medical history may be discussed at trial. The parties do not establish how Derry's prior medical diagnoses and history of alcohol and drug abuse is relevant to this action. To the extent Derry seeks to preclude evidence of her history of alcohol and drug abuse, Defendants concede that this evidence may or may not become relevant based upon the testimony of Derry at trial. (Doc. 24, at 4). "Pennsylvania Courts permit the presentation of evidence of drug abuse where lifelong injuries are at issue." *Knecht*, 2017 WL 4883198, at *14. Regarding the remainder of Derry's prior medical history and diagnoses, the Court finds that such evidence may be relevant to this action, potentially bearing upon the issue of the causation and extent of damages. Therefore, the Court will reserve ruling on the admissibility of evidence relating to Derry's prior medical history until trial, should the parties attempt to introduce such evidence.

Accordingly, Derry's motion *in limine* to preclude evidence of her medical history is **DENIED**, without prejudice to Derry reiterating his request at trial. (Doc. 25).

F. Evidence of photographs, pictures, and/or estimates of vehicle
damage(s).

Blackman seeks to preclude evidence of any photographs, photos, and/or estimates of vehicle damage(s) at the time of trial. (Doc. 30, at 1; Doc. 31, at 1). Blackman agues that vehicle photographs are not relevant to the nature, extent, and causation of personal injuries claimed by Derry because Derry has not retained a biomechanical engineer to testify as to any correlation between the extent of vehicle damages and Derry's injuries, and presentation of this evidence at trial would lead to pure speculation and is unduly prejudicial. (Doc. 31, at 3). Further, Blackman contends "[n]one of the medical doctors or medical experts reported or commented that they considered the vehicle damage or estimates to formulate their medical opinions despite the practical point that they would not be qualified to offer that opinion in the first place." (Doc. 31, at 3). Blackman maintains that allowing Derry to comment on the vehicle damage "would certainly lead to confusion of the issues as it would potentially mislead the injury that she is qualified to offer expert opinions on vehicle damage and causation of personal injuries." (Doc. 31, at 3).

In opposition, Derry asserts that photographs of the subject vehicles are relevant to show the force of the impact and the injuries suffered by Brown in the subject crash. (Doc. 32, at 3). Derry argues the photographs of the vehicles following the accident are relevant to the issue of damages and that expert testimony is not required to introduce photographs and explain the casual connection between property damage and personal injury. (Doc. 32, at 3). Derry also argues that the photographs will assist the jury in assessing the severity of the crash and evaluating the scope of Brown's injuries. (Doc. 32, at 4).

At the onset, in resolving this matter, the Court notes that Derry has not advanced a claim for property damage, either in the amended complaint or her pretrial memorandum. (Doc. 4; Doc. 9). Therefore, the Court finds that evidence of vehicle damage estimates is not relevant to the issue of damages in this case. Further, Derry has advanced no argument, and the Court sees no reason, why the vehicle damage estimates are relevant to the issue of liability in this case. Finally, even if the vehicle damage estimates were relevant to any issue in this case, the Court would still exclude it under Rule 403 because it's extremely low probative value would be substantially outweighed by the risk of misleading the jury into believing that the vehicle damage estimates constitute a basis upon which to award Derry compensatory damages in this case. *See Surman v. Payne*, No. CV 3:19-216, 2023 WL 2716224, at *5 (W.D. Pa. Mar. 30, 2023). Therefore, the Court will preclude evidence and/or testimony at trial related to vehicle damage estimates.

Concerning the admissibility of photos and photographs of vehicles following the subject crash, the Court will reserve ruling on Blackman's motion to preclude the aforementioned images. Because the relevant images have not been produced in the parties' pleadings, the Court is unable to determine the relevance, probative value, or authenticity of the images at issue. Thus, should Derry attempt to introduce one or more images described in Defendants' motion without offering the proper foundation for the authenticity and admissibility of each image, or in violation of any applicable Federal Rule of Evidence, including 403 or 901, Defendants should timely object and set forth the basis of their objection and the Court will rule on the objection at that time.

Accordingly, Blackman's motion *in limine* to preclude evidence of photographs, pictures, and vehicle damage is **GRANTED in part and DENIED in part**. (Doc. 30).

IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Derry's first and third motions in *limine* (Doc. 17; Doc. 21) are **GRANTED in part** and **DENIED in part**;

2.  Derry's second and fourth motions in *limine* (Doc. 19; Doc. 23) are **GRANTED**;

3.  Derry's fifth motion in *limine* (Doc. 25) is **DENIED**; and

4.  Blackman's motion in *limine* (Doc. 30) is **GRANTED in part** and **DENIED in part**.

An appropriate Order follows.

Dated: April 24, 2023

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**