UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY DERRY, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-01744 |
| v. | (MEHALCHICK, M.J.) |
| ADAM R. BLACKMAN, | |
| Defendant. | |

**MEMORANDUM**

Before the Court is a motion for a new trial pursuant to Federal Rule of Civil Procedure 59 filed by Plaintiff Mary Derry ("Derry"), asserting a new trial is warranted because the jury's verdict in this case was against the weight of the evidence. (Doc. 62). Derry initiated this lawsuit by filing a complaint against Defendant Adam R. Blackman ("Blackman") on October 13, 2021. (Doc. 1). On June 29, 2023, the parties appeared before the Court for an oral argument on Derry's motion for a new trial. For the following reasons, the motion for a new trial is DENIED.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

This case stems from a motor vehicle collision that occurred on December 9, 2019, involving Plaintiff Mary Derry and Defendant Adam R. Blackman. (Doc. 1). On that date, Derry was operating her 2015 Nissan Versa northbound on Pennsylvania Avenue, Matamoras Borough, Pike County, Pennsylvania, and was traveling through the intersection with Fourth Street, where Derry had the right-of-way. (Doc. 1). At the same time and place, Blackman was operating his vehicle traveling on Fourth Street when he pulled out to make a left turn from the posted stop sign at the intersection of Fourth Street and Pennsylvania

Avenue. (Doc. 1). Blackman pulled out from the posted stop sign onto Pennsylvania Avenue and struck Derry's vehicle. (Doc. 1).

As a result of the subject accident, Derry commenced this action by filing a complaint against Blackman on October 13, 2021, asserting negligence claims and seeking an award of monetary damages for loss of past earnings, medical expenses, property damage, and pain and suffering. (Doc. 1). At the conclusion of discovery, Blackman admitted liability for causing the accident; however, the nature, extent, and causation of Derry's injury claims remained in dispute for purposes of trial. (Doc. 28, at 1). Trial in this matter was held on May 1, 2023, and May 2, 2023. (Doc. 58; Doc. 59; Doc. 60; Doc. 61). On May 2, 2023, the jury returned a verdict awarding Derry zero damages. (Doc. 56). Judgment was entered in favor of Blackman and against Derry on May 3, 2023. (Doc. 57).

On May 23, 2023, Derry filed the motion for a new trial, as well as a brief in support. (Doc. 62; Doc. 63). On June 6, 2023, Blackman filed a brief in opposition. (Doc. 65). The parties appeared before the Court on June 29, 2023, for an oral argument. The motion for a new trial is now ripe for disposition.

## II.   STANDARD OF REVIEW

A losing party may move for a new trial or to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59. "The court may, on motion, grant a new trial on all or some of the issues – and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). The Court may grant a new trial "purely on a question of law;" or to correct a previous ruling "on a matter that initially rested within the discretion of the court, e.g. evidence rulings or prejudicial statements made by counsel" or "because [the Court] believes

the jury's decision is against the weight of the evidence", among other grounds. *Klein v. Hollings*, 992 F.2d 1285, 1289-1290 (3d Cir. 1993) (internal citations omitted). While the Court has wide discretion to order a new trial to correct rulings that initially rested in its discretion, it has relatively narrow discretion to overturn a verdict on the grounds that the verdict is against the weight of the evidence. *Klein*, 992 F.2d at 1289-1290. This is because

> where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts.

*Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3d Cir. 1960).

> Accordingly, the district court ought to grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand. Where the subject matter of the litigation is simple and within a layman's understanding, the district court is given less freedom to scrutinize the jury's verdict that in a case that deals with complex factual determinations . . . .

*Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352 (3d Cir. 1991) (internal citations omitted).

The Court may also alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), otherwise known as a motion for reconsideration. *See Keifer v. Reinhart Foodservices, LLC.*, 563 F. App'x 112, 114 (3d Cir. 2014). A motion to alter or amend "may rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and brackets omitted); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, when a jury errs as a matter of law, a Court may rectify this error through a Rule 59(e) motion. *Keifer*, 563 F. App'x at 115; *see also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error") (quoting *Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir. 1988)). However, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should only be granted sparingly.[1] *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citing *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)).

---

[1] Derry's motion and accompanying brief fail to specify what section of Rule 59 she relies on in bringing the motion for a new trial. (Doc. 62; Doc. 63). Although the Court has set forth the standard of review under both Rule 59(a) and Rule 59(e), because Derry's filings only reference a motion for a new trial, and lack any reference to a motion to alter or to amend the judgment, and fail to set forth any of the applicable law under Rule 59(e), the Court must assume that Derry is moving for a new trial solely under Rule 59(a).

**III.   DISCUSSION**

In her motion, Derry argues a new trial is warranted because the jury's verdict was against the weight of the evidence. (Doc. 62). Derry asserts "the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic and the injuries sustained by [Derry] could not be properly characterized as the sort of 'transient rub of life' for which it would be acceptable to award zero damages." (Doc. 63, at 2). Conversely, Blackman argues that the jury was properly instructed on their role with respect to considering and weighing the relevant evidence and determining if there was any value to be placed on Derry's injury complaints. (Doc. 65, at 10). Blackman avers the evidence of record and the credibility determinations presented to the jury supports their unanimous verdict, and that the Court should not disrupt the verdict which was sound and in line with the actual treatment that Derry endured following the accident. (Doc. 65, at 10). In support of their arguments, the parties rely on evidence and testimony presented at trial by Derry, Derry's expert witnesses, and Blackman's expert witnesses. (Doc. 63; Doc. 65).

"A Rule 59(a)(1) motion seeking a new trial on the ground that the judgment is against the weight of the evidence is warranted only when the verdict is so against the evidence as to constitute a miscarriage of justice." 1 Moore's Federal Rules Pamphlet § 59.3[3] (Matthew Bender) (2016). Therefore, although a new trial may be granted even if the evidence is legally sufficient to support the verdict, "a district court should grant a new trial on the basis that the verdict was contrary to the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand." *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1076 (3d Cir. 1996) (quoting *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir. 1988); *Williamson*, 926 F.2d at 1352); *see also Williamson*, 926 F.2d at 1353 ("[N]ew trials because the

5

verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience."). The Third Circuit has characterized this as a "stringent standard" necessary "to endure that a district court does not substitute its judgment of the facts and the credibility of the witness for that of the jury." *Sheridan*, 100 F.3d at 1076 (internal quotation marks omitted).[2]

"'Credibility determinations are the unique province of a fact finder,'" *Hoggard v. Allstate Ins. Co.*, No. 05-1127, 2005 WL 6786727, at *1 (3d Cir. Dec. 21, 2005) (quoting *Scully v. U.S. WATS,* 238 F.3d 497, 506 (3d Cir.2001)), and "a jury may rationally reject even uncontradicted testimony which it finds unconvincing." *Kerzner v. Global Upholstery Co.,* No. 95–1209, 1997 WL 727692 (E.D. Pa. Nov. 19, 1997) (citing *Semper v. Santos,* 845 F.2d 1233, 1237 (3d Cir.1988)). More specifically, "[a] determination regarding pain and suffering is 'peculiarly within the province of the jury.'" *Kerzner,* 1997 WL 727692, at *1 (citing *Semper,* 845 F.2d at 1237); *see, e.g., Semper,* 845 F.2d at 1237 ("The jury was in the best position to evaluate the credibility of Semper's testimony of his pain and suffering. The jury was under

---

[2] Because Derry did not move for judgment as a matter of law at the close of the evidence pursuant to Federal Rule of Civil Procedure 50, she is precluded from now seeking a new trial on the basis that the evidence was insufficient to support the jury's verdict. *See Botey v. Green*, No. 3:12-CV-1520, 2018 WL 5985694, at *3 n.3 (M.D. Pa. Nov. 14, 2018), *aff'd,* 782 F. App'x 158 (3d Cir. 2019). Nonetheless, while Derry may not make a post-trial attack on the sufficiency of the evidence, Rule 59 permits him to request a new trial on the basis that the verdict was against the weight of the evidence, as opposed to the sufficiency of the evidence. *See Greenleaf v. Garlock Inc.*, 174 F.3d 352, 364-65 (3d Cir. 1999). However, "[u]nlike a sufficiency of the evidence claim, when a court evaluates a challenge to the weight of the evidence it does not view the evidence in the light most favorable to the verdict winner, but instead exercises its own judgment in assessing the evidence." *Marra v Phila. Hous. Auth.*, 497 F.3d 286, 309 n.18 (3d Cir. 2007).

no obligation to believe the testimony of Semper as to his chest pain, even if that testimony were undisputed." (citations omitted)).

In the determination of what injuries have been suffered and are compensable, there is a distinction between objective injury and subjective pain. "[A] jury cannot freely ignore evidence of obvious injury." *Neison v. Hines,* 653 A.2d 634, 639 (Pa. 1995); *accord Hawley v. Donahoo,* 611 A.2d 311, 313 (Pa. 1992) ("While the jurors are the sole judges of credibility, and appellant's inconsistent and perhaps exaggerated testimony could have been perceived as an indication of appellant's interests of opportunity beyond pain which could dilute their belief in the existence of the occasion itself, the jury is not free to ignore an obvious injury."). Moreover,

> there are injuries to which human experience teaches there is accompanying pain. Those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering.

*Boggavarapu v. Ponist,* 542 A.2d 516, 518 (Pa. 1988) (citation omitted).

"If the pain, however, has no known medical source and is subjective to the person, the triers of fact must [first] believe and accept that it could and in fact exists [in order to compensate it]." *Boggavarapu,* 542 A.2d at 518; *accord Hawley,* 611 A.2d at 313. Thus, "if the defense expert concurs with the opinion of the plaintiff's expert only because of subjective complaints of the plaintiff, and the defense convinces the jury that the plaintiff was not truthful, the basis of [the] diagnoses might fail and a zero verdict would be appropriate." *Van Kirk v. O'Toole,* 857 A.2d 183, 186 (Pa. Super. Ct. 2004). "Likewise, the defense does not even have to call a defense expert if it can successfully challenge the credibility of the plaintiff and his doctors on cross-examination." *Van Kirk,* 857 A.2d at 185-86 ("Of course, the jury is free

7

to disbelieve the plaintiff's subjective complaints, any diagnoses based on subjective complaints, and the plaintiff's doctor's opinions and conclusions.").

Finally, even if the jury concludes that there was indeed pain, there are circumstances in which damages are not warranted because the pain is not significant enough under Pennsylvania law. *See Boggavarapu,* 542 A.2d at 518 ("A jury is not compelled to believe that a dog bite or puncture caused by a needle causes *compensable* pain. They may believe that it is a transient rub of life and living, a momentary stab of fear and pain, or neither." (emphasis added)); *Van Kirk,* 857 A.2d at 185 ("Even though every muscle strain causes pain, it does not follow that all muscle pain is compensable. Common experience tells us that some strains are worse than others and a mild strain may cause less pain than a dog bite."); *Kennedy v. Sell,* 816 A.2d 1153, 1157 (Pa. Super. Ct. 2003) ("While it is true that a jury may not ignore an obvious injury, it is equally true that a 'transient rub of life' may produce an injury for which no compensable pain was associated." (citation omitted)); *Majczyk v. Oesch,* 789 A.2d 717, 726 (Pa. Super. Ct. 2001) ("[W]hile the jury may have concluded that appellant suffered some painful inconvenience for a few days or weeks after the accident, it may also have concluded that appellant's discomfort was the sort of transient rub of life for which compensation is not warranted.").

In support of her motion for a new trial, Derry relies in part on the recent Supreme Court of Pennsylvania decision *Giko v. Calgiano*, No. 1262 EDA 2022, 2023 WL 2674619 (Pa. Super. Ct. Mar. 29, 2023). In *Giko*, the plaintiff filed a motion for post-trial relief, appealing a jury verdict in which the jury found that the plaintiff sustained injuries in a motor vehicle accident, the defendant was 75% liable, and awarded the plaintiff zero damages. 2023 WL 2674619, at *1. The state court found that the jury's award of zero damages was against the

weight of the evidence where the jury found the defendant's negligence was a factual cause in bringing about the harm to the plaintiff and the uncontradicted evidence established that the plaintiff underwent treatment and physical therapy for seven months, incurring medical bills amounting to over $26,000. *Giko*, 2023 WL 2674619, at *4. In granting a new trial on damages only, the state court explained:

> The jury's decision to find that [plaintiff] was harmed by [defendant]'s negligence, but to award zero damages, bears no rational relationship to the evidence produced at trial as to the loss suffered by [plaintiff]. [Plaintiff]'s injuries were not so insignificant or transient that one could reasonably conclude that no compensation was required. Back, neck, and shoulder pain, lasting at a minimum seven months and requiring multiple injections and physical therapy treatments, are not the type of "rub of life" injuries for which the jury is free to award no damages. *See Neison v. Hines*, [653] A.2d 634 (Pa. 1995) (new trial is appropriately ordered where plaintiff suffers injuries greater than "transient rub of life" and jury awards no damages); *Burnhauser v. Bumberger*, 745 A.2d 1256, 1261 (Pa. Super. 2000) (finding award of no damages for pain and suffering where opposing experts agreed victim suffered soft tissue injuries that would require up to six months to resolve was against the weight of evidence). In sum, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic. *Van Kirk v. O'Toole*, 857 A.2d 183, 185 (Pa. Super. 2004).

*Giko*, 2023 WL 2674619, at *4.

Derry also attempts to distinguish her case from the Eastern District of Pennsylvania decision in *Dougherty v. Marshalls of MA, Inc.*, No. 08-CV-3443, 2011 WL 1562251 (E.D. Pa. Apr. 26, 2011), *aff'd*, 460 F. App'x 132 (3d Cir. 2012). In *Dougherty*, the plaintiff sued the defendants for personal injuries the plaintiff allegedly sustained when a box of weights struck him in the head as he unloaded boxes from a tractor trailer. *Dougherty*, 2011 WL 1562251, at *1. Following a trial in which the jury returned a verdict finding the defendants 50% liable and awarded zero damages, the plaintiff filed a motion for a new trial on three grounds, including that the jury's award of zero damages was against the weight of the evidence.

*Dougherty*, 2011 WL 1562251, at *1. The court denied the plaintiff's motion for a new trial, explaining that "the defense presented evidence that Plaintiff was exaggerating his symptoms," and "[t]he jury was entitled to believe the defense experts and disbelieve Plaintiff and Plaintiff's experts in disputes over the alleged injuries and pain." *Dougherty*, 2011 WL 1562251, at *6. Therefore, the court found that a new trial was not warranted because the jury's verdict was not against the weight of evidence. *Dougherty*, 2011 WL 1562251, at *6.

Here, the Court finds that the *Giko* case is distinguishable and that this case is more akin to *Dougherty*. In *Giko*, the plaintiff had been in a motor vehicle accident and had endured seven months of treatment, incurring medical bills amounting to over $26,000, and the Supreme Court of Pennsylvania granted a new trial on damages. *Giko*, 2023 WL 2674619, at *4. In this case, the experts disputed the existence, severity, and cause of Derry's claimed injuries. Similar to the defense in *Dougherty*, Blackman presented evidence that reasonably questioned Derry's subjective injury complaints and her credibility, and the degree of treatment Derry received related to the subject accident. (Doc. 60, Trial Tr. 33:14-20, 36:1-10, 55:2-23, May 1, 2023; Doc. 65-1, Sandborn Depo. Tr. 59:9-72:7, Apr. 19, 2023; Doc. 65-2, Brooks Depo. Tr. 44:16-45:22, Apr. 19, 2023; Doc. 65-3, Banas Depo. Tr. 28:12-32:3, Apr. 20, 2023). Moreover, while Derry focuses on Dr. Sandborn's testimony that Derry believes shows there are uncontested injuries, the jury was free to consider Dr. Sandborn's statements in the context of the doctor's entire testimony and conclude that his opinion was premised on Derry's subjective complaints.[3] Nothing required the jury to find that Derry suffered

---

[3] Dr. Sandborn testified, in relevant part, that, within a reasonable degree of medical certainty based upon the records that he reviewed, physical examination, and diagnostic testing, he came to a determination that the cause of Derry's cervical injuries, herniations,
*(footnote continued on next page)*

compensable pain and the jury was entitled to believe the contradicting testimony Blackman proffered at trial and disbelieve Derry in disputes over her alleged injuries and pain.

Ultimately, this case required the jury to make a credibility determination as to Derry's testimony and each of the experts presented by Derry and Blackman. While there was testimony that may have supported a finding that Derry was entitled to damages, there was also sufficient testimony and evidence which would reasonably justify a jury's finding that Derry did not meet her burden of a preponderance of the evidence of demonstrating damages. The jury had the benefit of hearing all the testimony, as well as observing the witnesses' body language and general demeanor in assessing the credibility of each witness. Based on this, even assuming that the jury found that Derry indeed suffered some pain or discomfort as a result of the subject motor vehicle accident, the jury could conclude that the injuries were not significant enough to warrant compensation. *See Van Kirk,* 857 A.2d at 186 ("The following evidence suggests that the pain was not severe enough to say that a zero verdict was unreasonable: . . . Van Kirk declined medical treatment on the scene."); *Kennedy,* 816 A.2d at 1155 (affirming the denial of a new trial because the jury could find that the plaintiff only

---

and subscapularis tear were related to the accident of December 9, 2019. (Doc. 65-1, Sandborn Depo. Tr. 21:4-14, 24:9-25:13, Apr. 19, 2023). However, Dr. Sandborn also testified that: (1) while an EMG revealed a mild carpal tunnel syndrome and ulnar neuropathy, Derry's carpal tunnel could have been a preexisting condition (Doc. 65-1, Sandborn Depo. Tr. 59:9-13, Apr. 19, 2023); (2) Derry's failure to properly treat her high blood pressure could lead to other medical maladies or abnormalities (Doc. 65-1, Sandborn Depo. Tr. 60:3-16, Apr. 19, 2023); (3) Dr. Sandborn's office's medical records reported Derry's low back pain had been resolved as she reported 0 out of 10 on her subjective pain scale (Doc. 65-1, Sandborn Depo. Tr. 64:4-66:9, Apr. 19, 2023); (4) Derry also presented to him with rib pain that was not related to the subject accident for which he sent her back to therapy (Doc. 65-1, Sandborn Depo. Tr. 68:11-69:10, Apr. 19, 2023); and (5) Dr. Sandborn's office's clinical records failed to report any right shoulder complaints of pain when she last presented to them (Doc. 65-1, Sandborn Depo. Tr. 71:8-72:7, Apr. 19, 2023).

suffered bruises in the car accident and that such bruises were non-compensable); *Majczyk,* 789 A.2d at 726 (affirming the denial of a new trial because the jury did not have to believe that the plaintiff's discomfort was compensable). Thus, the Court cannot say that the decision not to award damages was against the weight of the evidence. As explained above, a new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson,* 926 F.2d at 1353. Derry has not met this standard.

Accordingly, Derry's motion for a new trial is **DENIED**.

IV. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Derry's motion for a new trial is **DENIED**. (Doc. 62).

An appropriate Order follows.

Dated: June 30, 2023                              *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **Chief United States Magistrate Judge**